## LOUIS v. WASHINGTON RY. & ELECTRIC CO.

(Court of Appeals of District of Columbia. Submitted January 6, 1922. Decided March 6, 1922.)

No. 3487.

1. **Trial ☞260(8)—Prayer covered by court's charge need not be given.**

In an action for injuries to a boy struck by a street car, it was not error to refuse plaintiff's prayer as to the duty of defendant's motorman, where the prayer was substantially covered by the court's charge.

2. **Street railroads ☞118(14)—Charge on negligence as to child held correct.**

In an action for injury to a boy struck by a street car, a charge that an adult is held to a higher degree of care than a child, who is not deemed to possess the discretion of a person of mature years, *held* sufficient as to the measure of diligence required of the infant plaintiff, especially where the charge as a whole made it plain that it was the duty of the motorman to consider the fact that plaintiff was a child of tender years.

3. **Trial ☞296(4, 5)—Abstract statement in charge held not prejudicial.**

An absract statement in the court's charge, that pedestrians undertaking to cross the tracks of a street railroad are required to exercise reasonable care, was not prejudicial, in an action for injuries to an infant plaintiff, where it was immediately followed by a correct charge as to the degree of care required of infants.

Appeal from the Supreme Court of the District of Columbia.

Action by Robert Louis, an infant, by Gus Louis, his father and next friend, against the Washington Railway & Electric Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Alvin L. Newmeyer, of Washington, D. C., for appellant.

S. R. Bowen, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment for the defendant, appellee here, in the Supreme Court of the District in an action for damages for personal injuries.

On November 17, 1918, according to plaintiff's evidence, Robert Louis, the infant plaintiff, who then was between 8 and 9 years of age, while walking in a westerly direction across Eleventh Street Northwest, between Columbia Road and Irving street, just north of Columbia Road, was struck by a north-bound car of the defendant company. "As the motorman started the car from the corner of Eleventh and Columbia Road he made a turn and said something to some one back," but how long the motorman kept his head turned, and what he did after he left the corner, the witness did not know. Plaintiff introduced no evidence as to the speed of the car.

Evidence for the defendant tended to show that the child was crossing from the west to the east curb, instead of from the east to the

west; that he ran behind a south-bound car, and was hit by the corner of the fender of the north-bound car, which was not going more than 5 or 6 miles an hour; that the accident happened about a car length from the stop on the north side of Columbia Road; that the motorman sounded the gong before the accident and was looking forward.

[1] The first assignment of error is based upon the refusal of the court to grant plaintiff's prayer No. 1, to the effect that, if the jury should find that the accident was due to the failure of the defendant's agent to keep a diligent lookout ahead, to give timely warning of the approach of the car or to have the car under reasonable and proper control, the verdict should be for the plaintiff. This prayer was substantially covered by the court in his charge, who paraphrased the averments of the declaration on this branch of the case.

[2] The court's refusal to grant plaintiff's prayers Nos. 3 and 9 also is specified as error. These prayers were directed particularly to the measure of diligence required of the infant plaintiff and of the motorman. The court, after correctly instructing the jury concerning the last clear chance rule, as requested by the plaintiff, defined the degree of care required of children in these words:

"The adult is held to have a higher degree of care to be exercised than an immature child, for the law considers, and I tell you this as a rule of law, that in the case of a small child, such, if you please, as this very plaintiff in this case, in point of years, at least, is not deemed to possess the same degree of care and discretion as a person of mature years. There is nothing very magical or complicated about that rule of law, for I venture to suggest it is the rule of common sense. * * * So, here, with respect to the act of this little boy in crossing the street, whether he came as he claims, or whether he crossed the street in the manner the defendant claims he did. You are to consider, from the evidence, from his testimony, from all of the evidence in the case, whether that boy, then, as I remember the testimony, between 8 and 9 years of age, exercised that reasonable degree of care and discretion that one of his years might be deemed, is deemed, to possess, because children vary in their character and quality. * * * So that, when you come to consider the evidence in these cases, as to whether this child exercised such care and discretion, considering his age and the kind of child you may conclude he was at the time this occurred, you will ask yourselves: Did he exercise that care and discretion that he was required to exercise when undertaking to cross the railroad tracks?"

The court then again called attention to the last clear chance rule. In our view, the jury could not have failed to understand the measure of diligence required of the infant plaintiff. Moreover, considering the language quoted and the charge as a whole, we do not think the jury could have failed to understand that it was the duty of the motorman, if he saw or reasonably could have seen the infant plaintiff approaching the track, to take into consideration the fact that he was a child of tender years, and hence, as the court told the jury, not possessed of the discretion found in an adult. The jury must have found that the motorman, although exercising reasonable care, did not see the perilous position of the child in time to avoid the accident, as otherwise they were under instructions to return a verdict for the plaintiff.

[3] The last assignment of error is based upon an exception to the court's allusion in the charge to defendant's argument, "in summing up, that pedestrians, undertaking to cross the tracks of a street railroad,

are required themselves to exercise a reasonable care that that particular process or operation of theirs seems to suggest." This was a mere abstract observation and was immediately followed by the language we have quoted concerning the measure of diligence required of the *infant plaintiff,* so that plaintiff could have suffered no harm.

While the charge may have been longer than necessary, we are satisfied that every possible theory of the case under the evidence presented was fairly submitted to the jury, and therefore affirm the judgment, with costs.

Affirmed.